# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR GABALDON,<br><br>              Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | Case No. EDCV 15-00300-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 19, 2015, Victor Gabaldon ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on June 1, 2015. On September 1, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 55-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on September 26, 2011, alleging disability beginning September 7, 2011. (AR 12.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 7, 2011, the alleged onset date. (AR 14.)

Plaintiff's claims were denied initially on February 3, 2012, and on reconsideration on August 28, 2012. (AR 12.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lawrence J. Duran on July 3, 2013, in Moreno Valley, California. (AR 12.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 12.) Medical expert ("ME") Joseph R. Gaeta and vocational expert ("VE") Jack M. Dymond also appeared and testified at the hearing. (AR 12.)

The ALJ issued an unfavorable decision on July 24, 2013. (AR 12-25.) The Appeals Council denied review on December 22, 2014. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly weighed the medical evidence and determined Mr. Gabaldon's residual functional capacity ("RFC").
2. Whether the ALJ's credibility findings were appropriate and supported by substantial evidence.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 7, 2011, the alleged onset date. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: coronary artery disease; myocardial infarction; coronary artery bypass

grafting; diabetes mellitus; obesity; gastroesophageal reflux disorder ("GERD"); hypertension; syncope; and hypocholesterolemia. (AR 14-17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) and SSR 83-10 with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours out of an eight-hour workday with regular breaks and sit for six hours out of an eight-hour workday with regular breaks with a sit/stand option in 30-minute intervals. Claimant can occasionally climb and balance; rarely stoop, kneel, crouch, and crawl; must be precluded from all hazards, including machinery and heights; and must avoid odors and fumes. Lastly, Claimant may be absent or off task 10 percent of the time.

(AR 17-23.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 18.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work in sales (sales management, furniture sales, insurance sales). (AR 23.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of information clerk, garment sorter and ticket taker. (AR 24.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 25.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted the credibility of Plaintiff and his wife. The ALJ's RFC is supported by

5

substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff alleges that the ALJ erred in giving little weight to Plaintiff's treating physicians. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

6

supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff Victor Gabaldon alleges that he cannot work because of his impairments. He specifically cites fainting, chest pains, diabetes, and problems with memory due to bipolar disorder. (AR 18.)

Nonetheless, the ALJ assessed a light work RFC with restrictions. (AR 17.) The ALJ gave significant weight to the opinion of cardiologist Dr. Joseph Gaeta, the testifying medical expert who reviewed the entire record and provided the RFC adopted by the ALJ. (AR 19, 21-22.) Dr. Gaeta found Claimant had been doing well since his bypass surgery in 2011, despite hospitalization for chest pains in 2013. (AR 19.) He found that the results of an echocardiogram were normal with no sign of ischemia. (AR 19.) Dr. Gaeta also found that Plaintiff's diabetes was under control with no evidence of damage from the diabetes that would cause an impairment. (AR 19.)

Consulting internist Dr. Sandra Eriks also found that Plaintiff was able to work notwithstanding chest wall discomfort. (AR 20, 709-13.) Dr. Eriks' physical and neurological

findings were normal, and she also determined that Claimant's hypertension and diabetes were under good control. (AR 20.) Findings from two psychiatric examinations were normal. (AR 16.) State agency reviewing physicians found Claimant capable of light work. (AR 22.)

The ALJ gave little weight to Plaintiff's treating physician, Dr. Mahbuka Khan, who opined that Plaintiff was unable to perform his regular work activities from November 2012 through December 2013. (AR 22, 270, 960, 1006.) The ALJ gave little weight to Dr. Khan's one page forms (AR 770, 960, 1006) because his opinions were conclusory, with very little explanation of the evidence relied on in forming those opinions. (AR 22.) An ALJ may reject a physician's check-off reports that do not contain any explanation of the basis for their conclusions or are not supported adequately or contradicted by the treatment notes. Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996); Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216. Here, the "Remarks" section of Dr. Khan's form were empty. (AR 770, 960, 1006.) The ALJ also found that Dr. Khan's opinion contrasts sharply with the other evidence of record summarized above. The contradictory opinions of other physicians provide specific, legitimate reasons for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2004). Other conflicting evidence of record also would include Plaintiff's own admitted or observed abilities. Bayliss, 427 F.2d at 1216. Here, Plaintiff admitted he could lift 20 pounds, stand for up to three hours, and walk a mile a day. (AR 18, 20, 21.)

The ALJ rejected the June 2013 opinion of Dr. Steve Park for similar reasons, i.e., that Dr. Park's opinions were conclusory with very little explanation of evidence relied on in forming his opinion. (AR 22, 1011-16.) Dr. Park indicated Claimant can sit for four hours, stand/walk for 2 hours, and lift 10 pounds. (AR 22.) Dr. Park stated Plaintiff would miss work two to three times a month and was capable of only low stress work. (AR 104.) The ALJ also rejected Dr. Park's RFC because he did not document positive objective clinical or diagnostic findings to support his assessment. (AR 22.) Again, the ALJ need not accept the opinion of a physician that is brief, conclusory and inadequately supported or contradicted by his or her treatment notes. Bayliss, 427 F.3d at 1216. The ALJ also noted that Dr. Park had treated the Claimant

8

less than a month (9 days, in fact) before providing his opinion. (AR 22.) See 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we sill give to the treating source's opinion"); see also Benton v. Barnhart, 331 F.3d 1030, 1038 (9th Cir. 2003) (duration of treatment relationship and frequency and nature of contact relevant in weighing opinions).

Plaintiff disagrees with the ALJ's characterization of the evidence. Plaintiff argues that Dr. Park's findings that Plaintiff has chest pain, shortness of breath, fatigue, weakness, and dizziness/syncope are supported by other evidence in the record. This assertion, however, does not meet the ALJ's point that Dr. Park failed to provide any explanation why these symptoms render Plaintiff disabled. Indeed, Dr. Park himself stated that Plaintiff could sit for 4 hours and was capable of low stress work. (AR 103-14.) He also offered no explanation why Plaintiff would miss work 2-3 times a month. The only objective evidence cited by Dr. Park was the treadmill test and echocardiogram, which revealed very poor exercise tolerance for his age. (AR 1017.) The echocardiogram, however, indicated that Plaintiff had normal systolic function, no mitral or aortic stenosis, and no pericardial effusion. (AR 1010, 1018.) Plaintiff was merely told to continue his medications and regularly follow up with his cardiologist. (AR 19.) No aggressive treatment was advised. (AR 19.) Dr. Park described Plaintiff's prognosis as "stable." (AR 1011.) Thus, the ALJ reasonably found that Dr. Park did not provide documented diagnostic findings that would support total disability.

As was the case with Dr. Khan, Dr. Park's opinion is in sharp contrast to other evidence of record, including the opinions of other physicians and Plaintiff's contradictory activities and statements. For example, Dr. Park opined Plaintiff could only lift 10 pounds, but Plaintiff testified at the hearing he could lift 20 pounds. (AR 21.) More generally, the ALJ has discounted the severity of Plaintiff's alleged symptoms as discussed below.

Plaintiff, moreover, does not discuss the other medical opinions in the record contradicting Dr. Park except to say that they are the opinions of non-examining physicians. Yet the opinions of non-examining physicians constitute substantial evidence when they are consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at

9

1  830-31; Morgan, 169 F.3d at 600.  There is considerable other evidence in the record such as
2  echocardiograms (AR 19, 719), diabetes and hypertension readings, and the findings of Dr.
3  Eriks and the psychiatrists who did examine Plaintiff.  Plaintiff's assertion that the only evidence
4  contradicting Dr. Park's opinion is the medical opinions of non-examining physicians is simply
5  not true.
6        Plaintiff disputes the ALJ's findings, but it is the ALJ's responsibility to resolve conflicts in
7  the evidence and ambiguities in the record.  Andrews, 53 F.3d at 1039.  Where the ALJ's
8  interpretation of the record is reasonable as it is here, it should not be second-guessed.  Rollins
9  v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).
10       The ALJ rejected the opinions of Dr. Khan and Dr. Park for specific, legitimate reasons
11 supported by substantial evidence.

**II.   THE ALJ PROPERLY DISCOUNTED THE CREDIBILITY
       OF PLAINTIFF AND HIS WIFE**

      Plaintiff contends that the ALJ erred in discounting the credibility of his subjective symptoms.  The Court disagrees.

**A.   Relevant Federal Law**

      The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause Plaintiff's alleged symptoms. (AR 18.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (AR 18, 20.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1635, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ concluded that the objective medical evidence does not support the alleged severity of symptoms. (AR 23.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ concluded that the medical evidence supports his light work RFC. (AR 23.)

Second, the ALJ found that Plaintiff had received routine, conservative treatment which is not the type of treatment one would expect for a totally disabled individual. (AR 20.) The ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Here, the ALJ found that the Claimant has received routine, conservative treatment for his coronary heart disease since his September 2011 surgery and for his diabetes, hypertension, and syncope. (AR 20-21.) The ALJ further found that the heart surgery was generally successful in relieving the symptoms (AR 21), which Dr. Gaeta did not believe were disabling. The ALJ concluded that the lack of a more aggressive treatment or surgical intervention suggests that Plaintiff's symptoms were not as severe as alleged. (AR 20, 21.)

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling limitations (AR 20), which is also a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, Claimant admitted activities such as driving, personal care, walking his dog, managing his finances, preparing his meals, performing household chores, shopping for groceries, using the computer, watching television, playing guitar, going fishing, and attending church. (AR 20.) He also admitted he walks up to one mile a day. (AR 20.)

Fourth, Plaintiff made inconsistent statements. (AR 21.) On a questionnaire, he claimed he was unable to lift more than 5 pounds, but at the hearing he admitted he could lift 20 pounds. (AR 21.) An ALJ may consider such inconsistencies when evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59.

The ALJ also found the statements of Plaintiff's wife Sandra Gabaldon not credible. (AR 18, 21.) She mirrored Plaintiff's own statements and added no new information pertinent to his claim. (AR 18.) An ALJ's reasons for discounting a claimant's allegations apply equally to similar third party statements. Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ also found that Ms. Gabaldon's statements were not supported by the clinical evidence to the extent inconsistent with the ALJ's RFC. (AR 21.) Inconsistency with the medical evidence is a germane reason for discounting lay testimony. See Bayliss, 427 F.3d at 1218 ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses"; "[i]nconsistency with medical evidence is one such reason").

Plaintiff disputes the ALJ's adverse credibility finding, but again it is the ALJ who has the responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice .

DATED: October 13, 2015               /s/ John E. McDermott
                                      JOHN E. MCDERMOTT
                                      UNITED STATES MAGISTRATE JUDGE